# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TOMEKIA FLEMING**

    **Plaintiff,**

v.                                                                   **Case No._____**

**AMERICAN ADDICTION CENTERS, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TOMEKIA FLEMING (hereinafter referred to as "Plaintiff" or "Fleming"), by and through the undersigned attorneys, hereby sues Defendant AMERICAN ADDICTION CENTERS, INC. (hereinafter "Defendant" or "ADC"), a foreign, for profit corporation, and alleges:

## JURISDICTION AND VENUE

1. This action is brought by Plaintiff, as a former employee of ADC, and involves claims for violations of a federal statute, the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, ("FMLA"); 29 CFR 825.100.

2. This Court has personal jurisdiction over Defendant ADC because the acts alleged herein occurred within this District and Defendant operates continued business within this district from where Plaintiff reported and worked at located at 12012 Boyette Road, Riverview, Florida 33569.

3. Venue is proper to this District because Defendant operates a physical office in this district and a substantial part of the events and omissions giving rise to the claims occurred in this District.

4. There is personal jurisdiction over Defendant in this District pursuant to Florida's 'long-arm' statute, F.S. 48.193, as Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## PARTIES

5. Plaintiff Fleming is a resident of Brandon, Florida and at all times material, Plaintiff was employed with Defendant and performed her job duties at Defendant's Riverview office.

6. Defendant ADC, is a foreign, for profit corporation with corporate offices located at 200 Powell Place, Brentwood, Tennessee 37027. Defendant may be served through its Florida Registered Agent: Registered Agent Solutions, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301

7. ADC self proclaims on its website: "American Addiction Centers is a nationwide network of addiction rehab facilities", and that it is "the largest network of rehab facilities nationwide, with programs in California, Florida, Texas, Nevada, Mississippi, New Jersey, and Rhode Island."

8. In 2014, ADC became the first publicly traded addiction treatment provider in the U.S.

9. Plaintiff worked for Defendant as an LPN and Detox Nurse from September 22, 2014 until the formal date she was terminated: January 31, 2020.

## GENERAL FACT ALLEGATIONS

10. Defendant ADC is at all times relevant hereto an "employer" as defined by the Family and Medical Leave Act.

11. ADC is an employer with 50 or more employees within a 75 mile radius.

12. Plaintiff Fleming was, at all times relevant hereto, an eligible employee as defined by the Family and Medical Leave Act, having worked the requisite 1250 hours in the preceding 12 months, and was employed for over a year prior to the leave of absence.

13. ADC has admitted to Plaintiff's protection under the FMLA and its application to her leave of absence, and in fact, approved her time off as protected under the FMLA through the provision of FMLA papers, communications and notification to Plaintiff.

14. During her 6 plus years of employment, Plaintiff was a dedicated, respected and productive employee who was never written up or given any verbal or written reprimand for performance problems.

15. Plaintiff was suffering from a serious health condition related to unexpected and sudden injury and subsequent death of her husband that rendered her temporarily disabled, and she sought and and was approved for leave of absence, as well as disability wages.

16. Plaintiff was eventually cleared by her treating medical care provider/physician to return to work and informed her employer.

17. An agreement was reached that Plaintiff would return to work on December 28th, and she presented and returned to work on that day.

18. However, after 4 hours of work, and problems logging in, Defendant told Plaintiff that they did not have her doctor or medical care provider's clearance to return to work and that she had to leave the premises.

19. Plaintiff contacted her physician's office and was informed that the Defendant was already sent via facsimile, the clearance letter releasing her back to work.

20. Then Plaintiff returned to work on January 2, 2020, and continued her full time employment until January 31, 2020.

21. On January 31, 2020, Plaintiff was called by her manager and a human resources employee into a meeting and told that she was being terminated and could not continue her work.

22. Defendant stated that the sole reason for terminating Plaintiff was because she had performed work back in December for her second employer.

23. Defendant gave no explanation to Plaintiff on why they contended her working for her secondary employer in December was any basis for termination.

24. More importantly, Plaintiff had been working for this same employer with the Defendant's knowledge and there was never any issue or problem in the past. Further, the Defendant's company employee manual does not foreclose or prohibit Plaintiff working simultaneously for another employer.

**COUNT I**
**WILLFUL INTERFERENCE IN VIOLATION OF THE**
**FAMILY AND MEDICAL LEAVE ACT 29 USC SECTION 2615**

25. The Plaintiff repeats each and every allegation of paragraphs 1 through 24 as if fully set forth herein at length.

26. Pursuant to 29 U.S.C. §2612, The Family Medical Leave Act, an eligible employee shall be entitled to a total of 12 workweeks of leave because of a serious health condition that makes the employee unable to perform the functions of the employee's position.

27. An eligible employee is defined in the statute as "an employee who has been employed…for at least 12 months by the employer" and who has at least 1250 hours of service with such employer during the previous 12-month period" 29 U.S.C. § 2611(2)(A)

28. Under 29 U.S.C. §2615, it is unlawful for an employer to *interfere with, restrain, or deny the exercise of or attempt to exercise*, any rights provided under the FMLA.

29. Defendant maintains and distributes an FMLA policy for their employees and allows eligible employees to use FMLA leave for qualifying events.

30. Defendant was at all times relevant hereto an *employer* as defined by the Family and Medical Leave Act.

31. Plaintiff was at all times relevant hereto an *eligible employee* as defined by the Family and Medical Leave Act.

32. Plaintiff is protected under the FMLA, which makes it unlawful for an employer to interfere with and or retaliate against employees for exercising their rights under the FMLA.

33. Defendant interfered with Plaintiff's rights by failing to provide Plaintiff with protection and leave under the Family and Medical Leave Act, 29 U.S.C. §2611 *et seq.,*

34. Plaintiff had a right to continue with her employment in the same or similar position, but instead, Defendant has taken away this position and terminated Plaintiff.

35. Without warning or explanation, Defendant terminated Plaintiff's employment on January 31, 2020.

36. The FMLA protects an employee's leave, including when he or she performs work for her secondary employer while out on approved FMLA leave.

37. Where the employer does not have any policy prohibiting secondary employment, the Employer cannot terminate an employee, or deny FMLA benefits, for an employee who while on FMLA leave from the job, performed work for a secondary employer. *See* 29 CFR 825.21(e), and Howard v. Millard Refrigerated Servs*., 505 F. Supp. 2d 867 (D. Kan. 2007);* Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858 (8th Cir. 2000);* and Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405 (6th Cir. 2003)*.

38. Plaintiff's leave of employment from her work for defendant was not obtained by fraudulent conduct or actions, and was approved by her treating physician.

39. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights in violation under 29 U.S.C. §2612.

40. The Family Medical Leave Act protects employees from termination of their employment and requires an Employer to reinstate the employee in the same or similar position.

41. As a result of the Defendant's aforementioned actions, it has violated 29 U.S.C. §2615 and the FMLA.

42. As a direct, proximate and foreseeable result of Defendant's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

43. The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Plaintiff's well being, thereby entitling her to liquidated damages.

44. The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

## COUNT II
## INTERFERENCE IN VIOLATION OF THE FMLA 29 CFR SECTION 2615

45. Plaintiff adopts and realleges paragraphs 1 through 24 as if fully set forth herein.

46. Plaintiff engaged in protected activity when she sought time off for treatment of her serious health and medical condition.

47. Defendant terminated Plaintiff's employment under false pretenses, an action which was a pretext for unlawful retaliation against Plaintiff for seeking FMLA protected leave and her underlying conditions.

48. Alternatively, Defendant retaliated against Plaintiff and terminated her employment for permissibly and lawfully performing work for her secondary employer, a part time position, while out on protected leave.

49. Defendant did not have a legitimate business reason for terminating Plaintiff.

50. Plaintiff did not violate any of her obligations under the FMLA, and her FMLA leave was not obtained by fraud or fraudulent conduct.

51. As a direct and proximate result of Plaintiff taking a protected leave of absence under the FMLA, Defendant was motivated to terminate Plaintiff's employment.

52. Plaintiff suffered damages as a result of Defendant's unlawful, malicious and retaliatory conduct and adverse employment action of terminating his employment.

53. Plaintiff has suffered loss of wages, pain and suffering, humiliation and mental anguish as well as other consequential damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, TOMEKIA FLEMING, demands judgment as follows:

a. That damages be assessed against Defendant ADC for compensatory and emotional stress suffered as a result of the wrongful acts;

b. That the Court award Plaintiff Prejudgment interest, back pay and front pay in lieu of reinstatement, or, alternatively that Defendant be ordered to reinstate Plaintiff, plus provide her all damages available under the FMLA, including back pay and compensatory damages.

c. That the Court award all damages as set forth in 29 U.S.C. § 2617, including past and future loss of wages, salary, and the value of employment benefits, and an equal sum of all damages awarded as liquidated damages.

d. That Defendant be ordered to pay to Plaintiff all reasonable attorney's fees plus costs of suit as per 29 USC 2617; and

e. That the Court grant Plaintiff such other relief as may be just proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 17th day of March 2020.

    Respectfully submitted:

***/s/Mitchell Feldman, Esq.***
Mitchell L. Feldman, Esquire
Florida Bar No.:0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, Suite #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff*